UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISHIV, LLC,

                    Plaintiff,

-against-

MT HAWLEY INSURANCE COMPANY,

                    Defendant.

**ORDER**

23-cv-2727 (ER)

Ramos, D.J.:

    This action was transferred from the Middle District of Florida on March 31, 2023. Doc. 17. The Court held an initial conference on April 20, 2023, where Mahefh Patel spoke on behalf of his company, corporate plaintiff Krishiv, LLC ("Krishiv").[1] Min. Entry dated Apr. 20, 2023. At that conference, the Court notified the parties that Krishiv must be represented by counsel in order to proceed, and it provided Krishiv four weeks to retain counsel.[2] *Id.*; *see also Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18 (S.D.N.Y.) ("The law is absolutely clear that a corporation cannot appear *pro se* in federal court."), *aff'd sub nom. Mercu-Ray Indus., Inc. v. Bristol-Meyers Co.*, 508 F.2d 837 (2d Cir. 1974) (citations omitted).

    The Court then held a subsequent status conference on May 24, 2023. *See* Min. Entry dated May 24, 2023. At that conference, the Court provided Krishiv an additional three weeks, until June 14, 2023, to retain new counsel and enter a notice of appearance on the docket. *Id.* The Court warned that failure to do so could lead to dismissal of the case.

---

[1] The attorney that represented Krishiv before the case was transferred to this district, Krishiv's Florida counsel, did not appear. *See* in. Entry dated Apr. 20, 2023. At the conference, Mr. Patel stated Krishiv's Florida counsel had informed him that they could not represent Krishiv in New York.

[2] The Court also directed counsel for defendant to contact Krishiv's Florida counsel to inform them that they were required to withdraw as counsel of record if they did not intend to appear in the transferred action. *See* in. Entry dated Apr. 20, 2023.

In a letter dated May 26, 2023, Krishiv's former counsel confirmed that it notified Krishiv that: (1) Krishiv must be represented by counsel, (2) the deadline for new counsel to file a notice of appearance was June 14, 2023, and (3) failure to obtain new counsel by June 14, 2023, could result in dismissal.  Doc. 24.

No notice of appearance was subsequently filed on behalf of Krishiv.  Accordingly, on July 21, 2023, the Court issued an order making clear that the action would be dismissed if Krishiv failed to obtain counsel by Monday, July 31, 2023.  Doc. 25.  Despite the Court's several orders and warnings, no counsel has entered an appearance for Krishiv.

The Court dismisses the action for the reasons set forth below.

**I. Standard**

Corporations are required to appear by an attorney.  *Bristol-Meyers Co.*, 508 F.3d at 19–20.  This rule is a "well-established and purposeful public policy" which cannot be "flout[ed]" through procedural gamesmanship, or otherwise.  *Id.* at 20.  Indeed, "[t]he rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (collecting cases).  "If a *pro se* corporate entity fails to secure counsel, despite ample notice of its need to do so, it will be deemed to have defaulted."  *Steadman v. Citigroup Glob. Markets Holdings Inc.*, 592 F. Supp. 3d 230, 244 (S.D.N.Y. 2022)) (citations omitted); *see, e.g.*, *BlackCrown Inc. v. Charles Schwab & Co. Inc.*, No. 19 Civ. 11578 (GHW) (S.D.N.Y. Jan. 2, 2020) (order dismissing case because corporate plaintiff was not represented by counsel).

As relevant here, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, where a plaintiff "fails to prosecute or to comply with these rules or a court order," the action may be dismissed.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (noting that

although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that [the rule] also gives the district court authority to dismiss a plaintiff's case"). Where a corporation is a plaintiff that fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) is appropriate. *See V.D.B. Pacific B.V. v. Chassman*, 277 F.R.D. 121, 126 (S.D.N.Y. 2011) (concluding that where a corporation is not represented by counsel, dismissal of its claims for failure to prosecute is appropriate).

Courts evaluating dismissal under Rule 41(b) must consider the following factors: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *LeSane*, 239 F.3d at 209. When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

The Court dismisses this action due to Krishiv's failure to retain counsel. As set forth above, Krishiv has received notice on multiple occasions that failure to retain counsel would result in dismissal of the action. *See* Min. Entry dated Apr. 20, 2023; Min. Entry dated May 24, 2023; Doc. 25. Dismissal is thus appropriate here, as Krishiv cannot proceed without a lawyer, and it has made no effort to retain one—or to appraise the Court as to its efforts to retain one—after the multiple notices and extensions of time provided by the Court. *See generally id.*

For these reasons, the action is dismissed. The Clerk of Court is respectfully directed to close the case.

IT IS SO ORDERED.

Dated:  August 2, 2023
        New York, New York

_____
Edgardo Ramos, U.S.D.J.